[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY PETITIONER'S COUNSEL
The petitioner has filed a petition for a Writ of Habeas Corpus claiming that his imprisonment is illegal because his conviction was obtained through the use by the State of perjured testimony and because the State obtained CT Page 8250 jurisdiction over the petitioner "through fraud and a conspiracy between the Court and the State of Connecticut." Fudge was and is represented at trial, on appeal and in the pending Habeas Petition by the same lawyer. The Respondent has moved to disqualify counsel claiming that because it is an affirmative burden of petitioner to prove no deliberate bypass of appeal of the issues now presented on Habeas and to make a showing of cause for the failure to adequately preserve a constitutional claim at trial and to make a showing of prejudice, it is likely that petitioner's counsel will be called as a witness.
Fudge's lawyer has opposed the Motion to Disqualify him claiming that it is unlikely that he will be called as a witness and because, even if he is called as a witness, the petitioner wants him to continue as counsel, nonetheless.
Rule 3.7 of the Rules of Conduct states:
"(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness. . ."
The comment to that rule states, in part.
 The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.
Rule 1.7 states:
"(b) A lawyer shall not represent a client if the representation of that client may be materially limited . . . by the lawyer's own interests, . . ."
Inasmuch as the petitioner may wish to make a claim of ineffective assistance of counsel in the future, there could be a conflict between attorney and client. At the least, there appears to be enough of an issue presented to warrant this court to grant the Motion to Disqualify.
Another attorney should be appointed to represent Mr. Fudge's interests as soon as possible.
Hon. Howard Scheinblum Superior Court Judge CT Page 8251